OPINION
PER CURIAM.
On March 4, 2009, Appellant, Bernard Thompson, commenced an action in the United States District Court for the Eastern District of Pennsylvania against Marc Altshuler, M.D. and Thomas Jefferson University Hospital. In the complaint, Thompson alleged that Dr. Altshuler, his primary care physician, negligently over-medicated him with the drug Lipitor. By order entered on March 24, 2009, the District Court dismissed Thompson’s complaint without prejudice for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(3). This appeal followed.[1]
The District Court correctly concluded that it lacked subject matter jurisdiction over Thompson’s complaint, as Thomas did not allege a violation of the Constitution or federal law under 28 U.S.C. § 1331, nor did he allege any facts that would provide a basis for diversity of citizenship among the parties under 28 U.S.C. § 1332. Rather, as the District Court noted, Thompson, a Philadelphia resident, sought to bring a medical malpractice claim against a physician practicing in a Philadelphia hospital.
Accordingly, we will summarily affirm the District Court’s order.[2] See Third Cir. LAR 27.4 and I.O.P. 10.6.

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

. We will deny Thompson’s motion for a protection from abuse order.